WILCOX COUNTY *v.* AMERICAN SURETY COMPANY *et al.*

The court erred in holding that as against the surety upon the tax-collector's bond interest should be computed from the period stated at seven per cent., and not at twenty per cent. The rate of interest should have been fixed at twenty per cent., instead of seven per cent., upon the amount for which the surety was liable to the county in consequence of the default of the tax-collector.

No. 5795. SEPTEMBER 17, 1927. REHEARING DENIED OCTOBER 1, 1927.

Exceptions to auditor's report. Before Judge Crum. Wilcox superior court. December 1, 1926.

*Hal Lawson* and *Whipple & McKenzie,* for plaintiff in error.

*Jones, Evins, Moore & Powers, J. B. Wall,* and *A. J. McDonald,* contra.

BECK, P. J. G. B. McDuffie was tax-collector of Wilcox County for a part of the year 1919 and for the year 1920. He gave to the county the usual statutory bond as such officer, with the American Surety Company of New York as surety, the bond being limited to $20,000. McDuffie defaulted, and on September 3, 1923, the commissioners of roads and revenues of the county issued their

Officers, 29 Cyc. p. 1456, n. 3.
Taxation, 37 Cyc. p. 1219, n. 40.

fi. fa. in favor of Wilcox County against McDuffie for the principal sum of $27,434.52, with interest at 20 per cent. per annum from January 1, 1921, and provided that there should be collected from American Surety Company only $20,000 principal, with 20 per cent. interest from January 1, 1921. The American Surety Company, on October 5, 1923, filed suit against Wilcox County and G. B. McDuffie, reciting the issuance of the fi. fa.; that McDuffie denied any indebtedness; that the fi. fa. was not being levied against McDuffie, and therefore no illegality could be filed; and that plaintiff was being called upon to pay the fi. fa. without the amount of McDuffie's indebtedness being fixed and determined. It prayed that McDuffie and Wilcox County set up their respective claims, and that the status be fixed by judgment. This petition raised no question as to the rate of interest charged against the American Surety Company, or as to the time from which the interest should be calculated, but averred that when the amount for which it was liable had been judicially ascertained it was ready to pay without receivership; and it prayed, among other things, that it be permitted to ascertain its rights, and that the rights of all parties be determined, ascertained, fixed, and established, and that it have such other and further relief as might be proper. McDuffie and Wilcox County filed their answers. The case was heard by an auditor, who filed his report to the effect, in brief, that McDuffie was really due Wilcox County $37,673.17 principal, and that Wilcox County was entitled to recover of American Surety Company $20,000 principal, with interest at 7 per cent. per annum from September 3, 1923, the date of the fi. fa. Following the auditor's report, the case having been submitted to the judge, after sustaining certain of the exceptions thereto and overruling others, the judge signed a decree against McDuffie in favor of Wilcox County for the amount named in the fi. fa., to wit, $27,434.52 principal, with interest at 20 per cent. per annum from January 1, 1921, and against American Surety Company for $20,000 principal, with interest at 7 per cent. per annum from September 3, 1923, the date of the fi. fa. By exceptions to the auditor's report Wilcox County made the contention that the rate of interest to be charged against the surety was 20 per cent. per annum, under the law, and not 7 per cent., and that no question had been raised by the surety as against the 20 per cent. interest rate fixed in the judgment and

execution of the commissioners of roads and revenue. Wilcox County made no exception to the finding that interest against the surety should begin only from the date of the issuance of the fi. fa.

According to the record, there is but one question involved, and that is, where the tax-collector is indebted to the county over and above the amount named in his bond as tax-collector, and a judgment is rendered against him for the amount due by him, with interest at 20 per cent. per annum, as provided by law, is the rate of interest for which the surety is liable the same as the rate of interest against the principal, or is it to be fixed by the general rate of interest, 7 per cent. per annum? The court made the following ruling upon this question: "It is decreed that the fi. fa. issued by Wilcox County against G. B. McDuffie, tax-collector, and against American Surety Company, shall proceed, except that as against said American Surety Company the interest shall be no more than seven per cent. per annum from the 3rd day of September, 1923." Upon this ruling the plaintiff in error makes this exception: "Wilcox County further excepts to the final decree in said case, in so far as it decrees against the American Surety Company of New York in favor of Wilcox County only 7 per cent. per annum as interest from the 3rd day of September, 1923, and avers as a matter of law the interest charged should be 20 per cent. per annum." The exception is well taken, and upon it the judgment of the court must be reversed. Practically the precise question involved has already been ruled on by this court. In the case of *McWhorter* v. *Chattooga County,* 154 *Ga.* 289 (114 S. E. 203), it was said: "Paragraphs 5 and 6 of the illegality raise the contention that the execution could not legally be issued and proceed to collect interest on the principal sum at the rate of 20 per cent. per annum from date, and for attorney's fees. The ruling made in headnote 7 follows from our construction of certain provisions of our statute law embodied in the Civil Code. Section 1187 of the Code of 1910 declares: 'If any collector shall fail to settle his accounts with the comptroller-general in terms of the law, he shall issue execution against him and his sureties for the principal amount, with interest at the rate of twenty per cent. per annum on said amount: provided, that if upon a final settlement it should appear that said collector was entitled to credits at the time he is required by law to settle, the comptroller-general may allow the

same, and charge such interest only on the amount for which the collector is in default, together with all the costs and attorney's fees incurred by reason of the issuance of said execution.' If this were an execution issued by the comptroller-general for taxes due the State by the tax-collector under the same circumstances, there could be no question that section 1187 would apply; and we think it is applicable in the present case, where a fi. fa. is issued by the commissioners of roads and revenues against the tax-collector for moneys claimed to be due the county. In section 521 of the Civil Code it is provided: 'Any other remedy or right allowed by law for the enforcement of the collection and payment of the State taxes, either by the comptroller-general or tax-collector, may be used for the county taxes by the ordinaries.' And the language of section 523 is as follows: 'On failure to pay the same, such ordinaries shall issue executions against such persons and their securities, if any, for the full amount appearing to be due, as the comptroller-general issues executions against defaulting tax-collectors.' And section 519 reads: 'The tax-collectors shall be allowed the same commissions and fees for such collections as they are allowed by law for the collection of the State tax, and are liable to the same fines and forfeitures for any default or improper conduct.' Construing these three sections together, and in connection with the provisions of section 1187, the execution issued in this case was not open to attack on the grounds set forth in paragraphs 5 and 6 of the affidavit of illegality."

Paragraph 5 of the affidavit of illegality referred to in *Mc-Whorter* v. *Chattooga County*, supra, was in the following language: "Because said execution issued for and is proceeding for interest on the principal sum thereof at the rate of twenty per centum per annum from date, against deponent and his said property so levied upon, and because said rate of interest and any other rate of interest upon said principal in excess of seven per centum per annum is unlawful, and deponent is not liable therefor in this behalf." This was an affidavit of illegality to an execution issued against the tax-collector and the surety upon his bond for moneys claimed to be due the county, being taxes collected by the tax-collector. This direct ruling upon the question in this record renders a discussion unnecessary.

*Judgment reversed. All the Justices concur.*

ON MOTION FOR REHEARING.

A motion is filed by counsel for defendants in error in this case. It is therein contended that this court overlooked or disregarded the principle contended for by the defendants in error, that when the penal sum of the bond is reached or becomes exhausted, and demand has been made for the same and payment refused, it becomes a debt due, and legal interest is allowed only by way of damages for unjustly withholding the payment, just the same as any other debt. And movants also insist that the controlling question in the case is whether or not the penal sum of the bond can be extended by way of penalty at the rate of twenty per cent. per annum. It is said in the motion that the question above recited is, "the identical and direct issue raised in the exceptions filed by the county, and the McWhorter case, cited in the opinion, is no authority to sustain this proposition." It is pointed out in the opinion, and it is still the opinion of this court, that the only question involved under the bill of exceptions, under the specific exceptions there made, is whether the court below erred in holding in its final decree that interest was to be computed at 7 per cent. per annum, and not at 20 per cent. as against the surety company. The language in the bill of exceptions is, "Wilcox County further excepts to the final decree in said case, in so far as it decrees against the American Surety Company of New York, in favor of Wilcox County, only seven per cent. per annum as interest from the 3rd day of September, 1923, and avers, as a matter of law, the interest charged should be twenty per cent. per annum." The surety company raised no exceptions by direct or cross-bill of exceptions to the holding that interest should be computed from the 3rd day of September, 1923. There is no exception in the bill of exceptions filed by Wilcox County to the holding that interest should be computed from September 3, 1923. The rate of interest was made the subject of attack in the bill of exceptions. And moreover, in a brief filed by the defendant in error it is expressly said: "If the court does not consolidate the two cases as requested, then the only question raised by the present bill of exceptions is because the court failed to charge the surety company with interest at twenty per cent., and charged seven per cent." Other questions might have been raised. Other exceptions might have been made; and the defendant in error might by direct

bill of exceptions, or by cross-bill, have raised still other questions. But it seemed to this court then, and so seems now, in the light of the recitals of the bill of exceptions, and the statement in the brief referred to, that the only question for decision under this bill of exceptions was the one decided. And for that decision direct controlling authority was cited.	*Motion denied.*